**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LORI MAY BARZYK,** | : | **CIVIL NO.  1:14-CV-2018** |
| | : | |
| **Plaintiff,** | : | **(Judge Kane)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **ROBERT WILLIAM BARZYK,** | : | |
| | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case

This case presents the story of a past abusive relationship, albeit a relationship which the federal courts, courts of limited jurisdiction, may be unable to address at this late date.

The plaintiff, Lori May Barzyk, acting *pro se*, has filed two companion cases in federal court.  According to Baryzk's complaints, for some two decades she was in a physically and sexually abusive relationship with her ex-spouse.  (Doc. 1.) Beginning in 2005 Barzyk alleges that she complained to authorities regarding this abuse, complaints that culminated in October 2009 with the arrest of her former husband by the Pennsylvania State Police.  (Id.)  Following his arrest, Barzyk's

1

former spouse allegedly pressured her to recant her claims, and at a November 2009 preliminary hearing, Barzyk stated that she could not remember the incidents that led to these charges. (Id.) Given the plaintiff's announced failure of recollection regarding these events, the district attorney's office withdrew the charges. (Id.)

Barzyk later apparently experienced misgivings regarding her decision, and sought to recant her recantation regarding this domestic violence. (Id.) The district attorney's office, however, declined to reinstate this case, a case in which the complainant had now, sadly, taken three different positions regarding whether she had been assaulted. (Id.)

Expressing anger and frustration at the outcome of this 2009 criminal case, Barzyk has now filed two companion cases. In this case Barzyk sues her former spouse, seeking $25,000 in damages along with the state criminal prosecution of her ex-husband. In a companion case she sues the Dauphin County District Attorney's Office and the Pennsylvania State Police, alleging that these institutional defendants violated her federal constitutional rights. (Id.) As relief for these constitutional infractions, Barzyk seeks $10,000,000 in damages, and also appears to demand a state criminal prosecution of her former spouse.

Along with her complaint, Barzyk seeks leave to proceed *in forma pauperis*. (Doc. 2.) For the reasons set forth below, we will GRANT Barzyk leave to proceed

2

*in forma pauperis* but as part of our legally-mandated duty to screen *pro se in forma pauperis* pleadings, we recommend that this complaint be dismissed.

## II.   Discussion

### A.    Screening of *Pro Se In Forma Pauperis* Complaints–Standard of Review

This Court has a statutory obligation to conduct a preliminary review of complaints filed by plaintiffs who seek leave to proceed *in forma pauperis,* and seek redress against government officials.   See 28 U.S.C. §§1915 and 1915A. Specifically, we  must assess whether a *pro se, in forma pauperis* complaint "fails to state a claim upon which relief may be granted."  This statutory text, in turn, mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years.  Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal  –U.S.–, 129 S.Ct. 1937 (2009) pleading standards

have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff.  Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994).  However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged."  Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).  As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555.  "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

4

In keeping with the principles of <u>Twombly</u>, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss.  In <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." <u>Id.</u> at 679.  According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> at 678.  Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

<u>Id.</u> at 679.

Thus, following <u>Twombly</u> and <u>Iqbal</u> a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, a complaint must recite factual allegations  sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation.  As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

As the court of appeals has also observed: "The Supreme Court in Twombly set forth the 'plausibility' standard for overcoming a motion to dismiss and refined this approach in Iqbal. The plausibility standard requires the complaint to allege 'enough facts to state a claim to relief that is plausible on its face.' Twombly, 550 U.S. at 570, 127 S.Ct. 1955. A complaint satisfies the plausibility standard when the factual pleadings 'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S.Ct. 1955). This standard requires showing 'more than a sheer possibility that a defendant has acted unlawfully.' Id. A complaint which pleads facts 'merely consistent with' a defendant's liability, [ ] 'stops short of the line between possibility and plausibility of "entitlement of relief." ' " Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011) cert. denied, 132 S. Ct. 1861, 182 L. Ed. 2d 644 (U.S. 2012).

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

In our view, these pleading standards apply to all aspects of the Court's threshold analysis of a complaint's legal sufficiency. Thus, we will apply this analysis both when assessing the adequacy of the factual assertions set forth in the amended complaint, and when examining whether a complaint properly invokes the jurisdiction of this Court.

## B.      This  Complaint Fails to State A Claim Upon Which Relief Can Be Granted

Applying these legal benchmarks in this case, dismissal of this complaint is warranted because the complaint fails on a number of scores to meet the substantive standards required by law, in that it does not set forth a "short and plain" statement of a cognizable violation of some right guaranteed by the Constitution or laws of the United States.  Some of the flaws in this particular *pro se* complaint are discussed separately below.

### 1.      This Complaint is Time-Barred

At the outset, dismissal of this complaint is warranted because the allegations made in the complaint fall outside the statute of limitations that is applicable to federal civil rights claims.  When conducting a screening review of a *pro se* complaint under 28 U.S.C. § 1915, a court may consider whether the complaint is barred under the applicable statute of limitations.  As the United States Court of Appeals for the Third Circuit recently explained when it affirmed the screening dismissal of a *pro se* complaint on statute of limitations grounds:

> Civil rights claims are subject to the statute of limitations for personal injury actions of the pertinent state.  Thus, Pennsylvania's two year statutory period applies to [these] claims.  See Lake v. Arnold, 232 F.3d 360, 368 (3d Cir.2000).  The limitations period begins when the plaintiff knows or had reason to know of the injury forming the basis for the federal civil rights action. Gera v. Commonwealth of Pennsylvania, 256 Fed.Appx. 563, 564-65 (3d Cir.2007).  Although we have not addressed the issue in a precedential decision, other courts have held that although

8

the statute of limitations is an affirmative defense, district court may *sua sponte* dismiss a complaint under § 1915(e) where the defense is obvious from the complaint and no development of the factual record is required.  See Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir.2006); see also Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656-57 (4th Cir.2006) (citation omitted)(finding that a district court's screening authority under § 1915(e) "differentiates in forma pauperis suits from ordinary civil suits and justifies an exception to the general rule that a statute of limitations defense should not be raised and considered sua sponte.").

Smith v. Delaware County Court 260 F. App'x. 454, 455 (3d Cir. 2008); see also Jackson v. Fernandez, No. 08-5694, 2009 WL 233559 (D.N.J. Jan. 26, 2009); Hurst v. City of Dover, No. 04-83, 2008 WL 2421468 (D. Del. June 16, 2008).

It is well-settled that claims brought pursuant to 42 U.S.C. § 1983 are subject to the state statute of limitations for personal injury actions.  Wilson v. Garcia, 471 U.S. 261, 266-67 (1985).  In Pennsylvania, the statute of limitations for a personal injury action is two years.  42 Pa.C.S. § 5524.  A cause of action accrues for statute of limitations purposes when the plaintiff knows or has reason to know of the injury that constitutes the basis of the cause of action.  Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998); see also, Nelson v. County of Allegheny, 60 F.3d 1010 (3d Cir. 1995).

While this two-year limitations period may be extended based upon a continuing wrong theory, a plaintiff must make an exacting showing to avail himself of this grounds for tolling the statute of limitations.  For example, it is well settled that the "continuing conduct of [a] defendant will not stop the ticking of the

limitations clock [once] plaintiff obtained requisite information [to state a cause of action]. On discovering an injury and its cause, a claimant must choose to sue or forego that remedy." Barnes v. American Tobacco Co., 161 F.3d 127, 154 (3d Cir. 1998) (quoting Kichline v. Consolidated Rail Corp., 800 F. 2d 356, 360 (3d Cir. 1986)). See also Lake v. Arnold, 232 F.3d 360, 266-68 (3d Cir. 2000). Instead:

> The continuing violations doctrine is an "equitable exception to the timely filing requirement." West v. Philadelphia Elec. Co., 45 F.3d 744, 754 (3d Cir.1995). Thus, "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred." Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am., 927 F.2d 1283, 1295 (3d Cir.1991). In order to benefit from the doctrine, a plaintiff must establish that the defendant's conduct is "more than the occurrence of isolated or sporadic acts." West, 45 F.3d at 755 (quotation omitted). Regarding this inquiry, we have recognized that courts should consider at least three factors: (1) subject matter-whether the violations constitute the same type of discrimination, tending to connect them in a continuing violation; (2) frequency-whether the acts are recurring or more in the nature of isolated incidents; and (3) degree of permanence-whether the act had a degree of permanence which should trigger the plaintiff's awareness of and duty to assert his/her rights and whether the consequences of the act would continue even in the absence of a continuing intent to discriminate. See id. at 755 n. 9 (citing Berry v. Board of Supervisors of Louisiana State Univ., 715 F.2d 971, 981 (5th Cir.1983)). The consideration of "degree of permanence" is the most important of the factors. See Berry, 715 F.2d at 981.

Cowell v. Palmer Township. 263 F.3d 286, 292 (3d Cir. 2001).

In this case, Barzyk complains about an array of matters which occurred 2009. In every instance, the factual narrative set forth in the complaint plainly reveals that

Barzyk attached a high degree of significance and permanence to the events set forth in this complaint.  Thus, Barzyk seems to recite well-pleaded facts in this complaint which reveal that, to the extent these events entailed violations of the plaintiff's constitutional rights, those violations were known and recognized by Barzyk when they occurred.  Therefore, these events seem to have had the degree of significance and permanence which should have triggered the plaintiff's awareness of her duty to assert her rights.  Accordingly, in this case a straightforward application of the two-year statute of limitations would seem to compel dismissal of all claims in this action which pre-date October 2012  as untimely

While the plaintiff may perhaps seek to save these time-barred claims by resort to the continuing violation theory, that tolling doctrine "will not stop the ticking of the limitations clock [once] plaintiff obtained requisite information [to state a cause of action]. On discovering an injury and its cause, a claimant must choose to sue or forego that remedy." Barnes v. American Tobacco Co., 161 F.3d 127, 154 (3d Cir. 1998).  Because Barzyk's complaint contains no well-pleaded facts relating to the statute of limitations, beyond general assertions that these events occurred in 2009, assertions which on the face of the complaint are time-barred, this action should be dismissed without prejudice to Barzyk providing a more detailed factual narrative that provides one of the basic requisites for a civil lawsuit, a clear explanation of whether

any of the events alleged occurred within the period of the two-year statute of limitations.

## 2. Barzyk May Not Bring a Federal Civil Rights Action Against a Private Party, Her Ex-Spouse

In addition, to this initial deficiency in her complaint, the complaint also fails on another ground.  In her complaint Barzyk seeks to sue a private person, her ex-spouse.  Barzyk may not bring such claims against private parties as civil rights violations pursuant to 42 U.S.C. §1983.

This she may not do.  It is well-established that § 1983 does not by its own force create new and independent legal rights to damages in civil rights actions.  Rather, § 1983 simply serves as a vehicle for private parties to bring civil actions to vindicate violations of separate, and pre-existing, legal rights otherwise guaranteed under the Constitution and laws of the United States.  Albright v. Oliver, 510 U.S. 266, 271 (1994); Graham v. Connor, 490 U.S. 386, 393-94 (1989).  Therefore, any analysis of the legal sufficiency of a cause of action under § 1983 must begin with an assessment of the validity of the underlying constitutional and statutory claims advanced by the plaintiff.

In this regard, it is also well-settled that:

Section 1983 provides a remedy for deprivations of federally protected rights caused by persons acting under color of state law.  The two essential elements of a § 1983 action are:  *(1) whether the conduct complained of was committed by a person acting under color of state*

12

*law*; and (2) whether this conduct deprived a person of a federally
protected right. <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981).

<u>Boykin v. Bloomsburg University of Pennsylvania</u>, 893 F.Supp. 409, 416 (M.D.Pa.

1995), <u>aff'd</u>, 91 F3d 122 (3d Cir. 1996)(emphasis added).  Thus, it is essential to any

civil rights claim brought under § 1983 that the plaintiff allege and prove that the

defendant was acting under color of law when that defendant allegedly violated the

plaintiff's rights.  Therefore, to the extent that a complaint seeks to hold a private

party liable for alleged civil rights violations, it fails to state a valid cause of action

under 42 U.S.C. § 1983 since the statute typically requires a showing that the

defendants are state actors.  <u>Am. Mfrs. Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40, 49-50

(1999).

### 3.   The Plaintiff May Not Use This Federal Civil Rights Lawsuit to Initiate a State Criminal Prosecution

In her complaint, Barzyk also appears to asks this Court to commence a state

criminal prosecution of her ex-spouse.  This she may not do.  It is well established

that decisions regarding the filing of criminal charges are the prerogative of the

executive branch of government, are consigned to the sound discretion of prosecutors,

and under the separation of powers doctrine are not subject to judicial fiat.  Indeed,

it has long been recognized that the exercise of prosecutorial discretion is a matter,

"particularly ill-suited to judicial review." <u>Wayte v. United States</u>, 470 U.S. 598, 607,

105 S.Ct. 1524, 84 L.Ed.2d 547 (1985).  Recognizing this fact, courts have long held

that a civil rights plaintiff may not seek relief in civil litigation in the form of an order directing the criminal prosecution of some third parties, finding that civil plaintiffs lack standing to make such claims and concluding that such relief simply is unavailable in a civil lawsuit.  See, e.g., Ostrowski v. Mehltretter, 20 Fed. Appx. 87, 90 (2d Cir.2001) (stating that "Ostrowski has no standing to sue for any of Mehltretter's actions.  First of all, he has not shown, injury-in-fact.  The failure of Mehltretter to investigate or prosecute Bybel did not injure him in any direct manner- he has no 'personal stake in the outcome' of a perjury case brought against (or not brought against) another person ."); See also Kim v. Romero, 877 F.2d 64, 1989 WL 67116 at *1 (9th Cir. June 14, 1989) (affirming the dismissal of a suit against various prosecuting authorities for their failure to bring charges against a sheriff for alleged battery); McMinn v. Damiani, 765 F.2d 145, 1985 WL 13323 (6th Cir. May 3, 1985) (affirming the dismissal for lack of standing a pro se civil rights case where plaintiff had sued state prosecuting authorities for failing to investigate or prosecute claims against various state judges and lawyers); Gessner v. Dep't of Corr., 3:14-CV-111, 2014 WL 972290 (M.D. Pa. Mar. 12, 2014); Snyder v. Aaron, CIV.A. 05–1602, 2006 WL 544466 (W.D.Pa. Mar.6, 2006); Mover v. Borough of North Wales, Civ. No. 00–1092, 2000 WL 1665132 at *2 (E.D.Pa.Nov.7, 2000) (stating that "Moyer has no judicially cognizable interest in Timothy Conley's criminal prosecution.  Accordingly, an agreement to refrain from prosecuting Conley for sexual assault or to charge him

14

with disorderly conduct or the act thereof violates no constitutional right that Moyer has standing to assert."); see also Wise v. Augustine, Civ. No. 97–2651, 1997 WL 534695 at *2 (E.D.Pa. Aug.8, 1997) (stating that "[a] private citizen has no constitutional, statutory, or common law right to require a public official to investigate or prosecute a crime."); Dundore v. O'Donnell, Civ. No. 85–2907, 1985 WL 2681 at *2 (E.D.Pa. Sept.17, 1985) (stating that "Defendant O'Donnell is alleged to have refused to file the criminal charges brought by plaintiffs.  Although plaintiffs were no doubt aggrieved when O'Donnell refused to file the charges, they have no constitutional right that I am aware of to have criminal charges filed."); Corbin v. Stevens, Civ. No. 91–1054, 1992 WL 96684 at *2 (S.D.N.Y. April 30, 1992) (stating that "[p]laintiff possesses no constitutional right to have someone arrested...."). Therefore, this claim also fails as a matter of law and should be dismissed.

### 4.   Barzyk's Claim for $25,000 in Unliquidated Damages Should Be Stricken

Further, we note one other, basic flaw in this pleading which should be corrected.  This Court should also strike the claim for a specific sum of unliquidated damages, $25,000,  from this *pro se* complaint.  In this regard,  Rule 12 (f) of the Federal Rules of Civil Procedure imposes a duty on the Court to review pleadings and provides that the Court may upon its own initiative at any time order stricken from any pleading any immaterial matter.  Fed. R. Civ. P. 12(f).  Decisions regarding

whether claims may be stricken from a complaint are properly presented to a United States Magistrate Judge for determination in the first instance.    <u>Singh v. Superintending School Committee of the City of Portland</u>, 593 F. Supp. 1315 (D. Me. 1984).  In this case, Barzyk's claim for a specified amount of unliquidated damages violates Local Rule 8.1 which provides, in part, that:

> The demand for judgment required in any pleading in any civil action pursuant to Fed.R.Civ.P.8(a)(3) may set forth generally that the party claiming damages is entitled to monetary relief *but shall not claim any specific sum where unliquidated damages are involved.*  The short plain statement of jurisdiction, required by Fed.R.Civ.P.8(a)(1), shall set forth any amounts needed to invoke the jurisdiction of the court but no other.

Local Rule 8.1 (emphasis added).

Since this prayer for relief violates Local Rule 8.1 by specifying a particular amount of unliquidated damages, that specific dollar claim should be stricken from the complaint without prejudice to the plaintiff arguing in any subsequent trial or hearing on the merits for any appropriate amount of damages supported by the evidence.

## C.    <u>The Complaint Should Be Dismissed Without Prejudice</u>

Although Barzyk's personal circumstances evoke great sympathy, we are confined by what the law permits when we assess the merits of her *pro se in forma pauperis* complaint.  That assessment compels the conclusion that the complaint fails to state a claim upon which relief may be granted.  While this complaint is flawed on multiple scores, we recognize that *pro se* plaintiffs should be afforded an opportunity

to amend a complaint before the complaint is dismissed with prejudice, see Fletcher-Hardee Corp. v. Pote  Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless it is clear that granting further leave to amend would be futile, or result in undue delay.  Alston v. Parker, 363 F.3d  229, 235 (3d Cir. 2004).  In this case, the plaintiff has not alleged facts that would state a claim upon which relief may be granted. Nonetheless, out of an abundance of caution, and in order to preserve the plaintiff's rights, it is recommended that this matter be dismissed without prejudice to the plaintiff attempting to amend this federal complaint to state a claim upon which relief may be granted in federal court, by including proper allegations against appropriate party-defendants that meet the requirements of federal law, provided that the plaintiff acts promptly.

## III.   Recommendation

Accordingly, for the foregoing reasons, the plaintiff is GRANTED leave to proceed *in forma pauperis*, (Doc. 2.), and IT IS RECOMMENDED that the plaintiff's complaint be dismissed without prejudice to the plaintiff attempting to amend this federal complaint  to state a claim upon which relief may be granted in federal court, by including proper allegations against appropriate party-defendants that meet the requirements of federal law, provided the plaintiff acts within 20 days of any dismissal order.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 20th day of October 2014.

*S/Martin C.  Carlson*
Martin C. Carlson
United States Magistrate Judge