IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LORI MAY BARZYK,** | : | **CIVIL NO.  1:14-CV-2018** |
| | : | |
| **Plaintiff,** | : | **(Judge Kane)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **ROBERT WILLIAM BARZYK,** | : | |
| | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case

We are now called upon in this case to write the second chapter in federal court
of the story of a past abusive relationship, albeit a relationship which the federal
courts, courts of limited jurisdiction, are unable to address at this late date.

On October 17, 2014, the plaintiff, Lori May Barzyk, acting *pro se*, filed two
companion cases in federal court.  According to Baryzk's initial complaints, for some
two decades she was in a physically and sexually abusive relationship with her ex-
spouse, Robert William Barzyk. (Doc. 1.)  Beginning in 2005 Barzyk alleged that she
complained to authorities regarding this abuse, complaints that culminated in October
2009 with the arrest of her former husband by the Pennsylvania State Police.  (Id.)

Following his arrest, Barzyk's former spouse allegedly pressured the plaintiff to recant her claims, and at a November 2009 preliminary hearing, Barzyk stated that she could not remember the incidents that led to these charges. (Id.)  Given the plaintiff's announced failure of recollection regarding these events, the district attorney's office withdrew the charges. (Id.)

Barzyk later apparently experienced misgivings regarding her decision, and sought to recant her recantation regarding this domestic violence. (Id.)  The district attorney's office, however, declined to reinstate this case, a case in which the complainant had now, sadly, taken three different positions regarding whether she had been assaulted. (Id.)

Expressing anger and frustration at the outcome of this 2009 criminal case, Barzyk filed two companion cases.  In this case Barzyk initially sued her former spouse, seeking $25,000 in damages along with the state criminal prosecution of her ex-husband.  In a companion case she sued the Dauphin County District Attorney's Office and the Pennsylvania State Police, alleging that these institutional defendants violated her federal rights. (Id.)  As relief for these constitutional infractions, Barzyk initially sought $10,000,000 in damages, and also appeared to demand a state criminal prosecution of her former spouse.

We granted Barzyk leave to proceed in forma pauperis but as part of our legally-mandated duty to screen *pro se in forma pauperis* pleadings, we reviewed her initial complaint and recommended that this complaint be dismissed without prejudice to the filing of an amended complaint. (Doc. 4.) This recommendation was adopted by the district court, (Doc. 5), and Barzyk has now filed an amended complaint. That amended complaint re-states Barzyk's claims against her former spouse, and further asserts that these claims violate the Violence Against Women's Act, 42 U.S.C. §13891, giving rise to civil liability on the part of her spouse. (Doc. 6.)

Having conducted a second screening review, for the reasons set forth below we conclude that this amended complaint is also fatally flawed and should be dismissed.

## II.     Discussion

### A.     Screening of *Pro Se In Forma Pauperis* Complaints–Standard of Review

This Court has an on-going statutory obligation to conduct a preliminary review of complaints filed by plaintiffs who seek leave to proceed *in forma pauperis,* and seek redress against government officials. See 28 U.S.C. §§1915 and 1915A. Specifically, we must assess whether a *pro se, in forma pauperis* complaint "fails to

state a claim upon which relief may be granted." This statutory text, in turn, mirrors

the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides

that a complaint should be dismissed for "failure to state a claim upon which relief

can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint,

the United States Court of Appeals for the Third Circuit has aptly noted the evolving

standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in
> recent years. Beginning with the Supreme Court's opinion in Bell
> Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) continuing with our
> opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir.
> 2008)] and culminating recently with the Supreme Court's decision in
> Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards
> have seemingly shifted from simple notice pleading to a more
> heightened form of pleading, requiring a plaintiff to plead more than the
> possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may

be granted, the Court must accept as true all allegations in the complaint and all

reasonable inferences that can be drawn therefrom are to be construed in the light

most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.,

20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's

bald assertions or legal conclusions when deciding a motion to dismiss." Morse v.

Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged."   Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).  As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do."  Id. at 555.  "Factual allegations must be enough to raise a right to relief above the speculative level."  Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss.  In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  Id. at 679.  According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. at 678.  Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than
> conclusions are not entitled to the assumption of truth.  While legal
> conclusions can provide the framework of a complaint, they must be
> supported by factual allegations.  When there are well-pleaded factual
> allegations, a court should assume their veracity and then determine
> whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, a complaint must recite factual allegations  sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation.  As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to
> state a claim, district courts should conduct a two-part analysis.  First,
> the factual and legal elements of a claim should be separated.  The
> District Court must accept all of the complaint's well-pleaded facts as
> true, but may disregard any legal conclusions. Second, a District Court
> must then determine whether the facts alleged in the complaint are
> sufficient to  show that the plaintiff has a 'plausible claim for relief.'  In
> other words, a complaint must do more than allege the plaintiff's
> entitlement to relief.  A complaint has to 'show' such an entitlement
> with its facts.

Fowler, 578 F.3d at 210-11.

As the court of appeals has also observed:  "The Supreme Court in Twombly set forth the 'plausibility' standard for overcoming a motion to dismiss and refined this approach in Iqbal.  The plausibility standard requires the complaint to allege

'enough facts to state a claim to relief that is plausible on its face.' Twombly, 550 U.S. at 570, 127 S.Ct. 1955. A complaint satisfies the plausibility standard when the factual pleadings 'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S.Ct. 1955). This standard requires showing 'more than a sheer possibility that a defendant has acted unlawfully.' Id. A complaint which pleads facts 'merely consistent with' a defendant's liability, [ ] 'stops short of the line between possibility and plausibility of "entitlement of relief." ' " Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011) cert. denied, 132 S. Ct. 1861, 182 L. Ed. 2d 644 (U.S. 2012).

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

In our view, these pleading standards apply to all aspects of the Court's analysis of the legal sufficiency of this amended complaint.  Thus, we will apply this analysis both when assessing the adequacy of the factual assertions set forth in the amended complaint, and when examining whether the amended complaint properly invokes the jurisdiction of this Court.

### B.   This  Complaint Fails to State A Claim Upon Which Relief Can Be Granted

Applying these legal benchmarks in this case, dismissal of this amended complaint is still warranted because the amended complaint fails on a number of scores to meet the substantive standards required by law, in that it does not set forth a "short and plain" statement of a cognizable violation of some right guaranteed by the Constitution or laws of the United States.

### 1.   **Barzyk May Not Bring a Civil Action Under 42 U.S.C. §13981**

At the outset, Barzyk's reliance upon the civil enforcement provisions of the

Violence Against Women's Act, 42 U.S.C. §13981, is misplaced here.  This effort to

invoke relief under §13891 fails for a simple reason.  The United States Supreme

Court has struck down this law holding that: "Congress' effort in § 13981 to provide

a federal civil remedy can be sustained neither under the Commerce Clause nor under

§ 5 of the Fourteenth Amendment. . . . [N]o civilized system of justice could fail to

provide . . . a remedy for [violence against women] . . .  But under our federal system

that remedy must be provided by the [the states], and not by the United States."

United States v. Morrison, 529 U.S. 598, 627 (2000).  In light of the Supreme Court's

holding in Morrison, striking down §13891as unconstitutional, this particular claim

simply fails and should be dismissed.

### 2.   **The Allegations Which Pre-date September 2012 Are Time-Barred**

In addition, dismissal of the allegations in this amended complaint which pre-

date September 2012 is still warranted because these allegations fall outside the

statute of limitations that is applicable to federal civil rights claims.   When

conducting a screening review of a *pro se* complaint under 28 U.S.C. § 1915, a court

may consider whether the complaint is barred under the applicable statute of

limitations.   As the United States Court of Appeals for the Third Circuit recently

explained when it affirmed the screening dismissal of a *pro se* complaint on statute

of limitations grounds:

> Civil rights claims are subject to the statute of limitations for personal
> injury actions of the pertinent state.   Thus, Pennsylvania's two year
> statutory period applies to [these] claims.  See Lake v. Arnold, 232 F.3d
> 360, 368 (3d Cir.2000).  The limitations period begins when the plaintiff
> knows or had reason to know of the injury forming the basis for the
> federal civil rights action.  Gera v. Commonwealth of Pennsylvania, 256
> Fed.Appx. 563, 564-65 (3d Cir.2007).  Although we have not addressed
> the issue in a precedential decision, other courts have held that although
> the statute of limitations is an affirmative defense, district court may *sua*
> *sponte* dismiss a complaint under § 1915(e) where the defense is
> obvious from the complaint and no development of the factual record is
> required.  See Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir.2006);
> see also Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656-57 (4th
> Cir.2006) (citation omitted)(finding that a district court's screening
> authority under § 1915(e) "differentiates in forma pauperis suits from
> ordinary civil suits and justifies an exception to the general rule that a
> statute of limitations  defense should not be raised and considered sua
> sponte.").

Smith v. Delaware County Court 260 F. App'x. 454, 455 (3d Cir. 2008).  It is well-

settled that claims brought pursuant to 42 U.S.C. § 1983 are subject to the state

statute of limitations for personal injury actions.  Wilson v. Garcia, 471 U.S. 261,

266-67 (1985).  In Pennsylvania, the statute of limitations for a personal injury action

is two years. 42 Pa.C.S. § 5524.  A cause of action accrues for statute of limitations

purposes when the plaintiff knows or has reason to know of the injury that constitutes

the basis of the cause of action.   Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998); see also, Nelson v. County of Allegheny, 60 F.3d 1010 (3d Cir. 1995).

While this two-year limitations period may be extended based upon a continuing wrong theory, and Barzyk seeks to extend the statute by alleging that she has been subjected to a "continual offense," a plaintiff must make an exacting showing to avail herself of this grounds for tolling the statute of limitations.   For example, it is well settled that the "continuing conduct of [a] defendant will not stop the ticking of the limitations clock [once] plaintiff obtained requisite information [to state a cause of action].   On discovering an injury and its cause, a claimant must choose to sue or forego that remedy."   Barnes v. American Tobacco Co., 161 F.3d 127, 154 (3d Cir. 1998) (quoting Kichline v. Consolidated Rail Corp., 800 F. 2d 356, 360 (3d Cir. 1986)).   See also Lake v. Arnold,  232 F.3d 360, 266-68 (3d Cir. 2000).

Instead:

> The continuing violations doctrine is an "equitable exception to the timely filing requirement." West v. Philadelphia Elec. Co., 45 F.3d 744, 754 (3d Cir.1995).   Thus, "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred." Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am., 927 F.2d 1283, 1295 (3d Cir.1991).   In order to benefit from the doctrine, a plaintiff must establish that the

defendant's conduct is "more than the occurrence of isolated or sporadic acts." West, 45 F.3d at 755 (quotation omitted). Regarding this inquiry, we have recognized that courts should consider at least three factors: (1) subject matter-whether the violations constitute the same type of discrimination, tending to connect them in a continuing violation; (2) frequency-whether the acts are recurring or more in the nature of isolated incidents; and (3) degree of permanence-whether the act had a degree of permanence which should trigger the plaintiff's awareness of and duty to assert his/her rights and whether the consequences of the act would continue even in the absence of a continuing intent to discriminate. See id. at 755 n. 9 (citing Berry v. Board of Supervisors of Louisiana State Univ., 715 F.2d 971, 981 (5th Cir.1983)). The consideration of "degree of permanence" is the most important of the factors. See Berry, 715 F.2d at 981.

Cowell v. Palmer Township. 263 F.3d 286, 292 (3d Cir. 2001).

In this case, Barzyk complains about an array of matters which began more than 20 years ago and continued up through 2009. In every instance, the factual narrative set forth in the amended complaint, while spare, plainly reveals that Barzyk attached a high degree of significance and permanence to the events set forth in this pleading. Thus, Barzyk seems to recite well-pleaded facts in this amended complaint which reveal that, to the extent these events entailed violations of the plaintiff's constitutional rights, those violations were known and recognized by Barzyk when they occurred. Therefore, these events would have had the degree of significance and permanence which should have triggered the plaintiff's awareness of her duty to assert her rights. Accordingly, in this case a straightforward application of the two-year

statute of limitations continues to compel dismissal of all claims in this action which

pre-date October 2012  as untimely.

**3.      Barzyk May Not Otherwise Bring a Federal Civil Rights Action Against a Private Party, Her Ex-Spouse**

Finally, the amended complaint also fails on another ground.  In her amended

complaint Barzyk still seeks to sue a private person, her ex-spouse.  Barzyk simply

may not bring such claims against private parties as civil rights violations pursuant

to the principal federal civil rights statute 42 U.S.C. §1983.  Rather, it is well-

established that § 1983 does not by its own force create new and independent legal

rights to damages in civil rights actions.  Instead, § 1983 simply serves as a vehicle

for private parties to bring civil actions to vindicate violations of separate, and pre-

existing, legal rights otherwise guaranteed under the Constitution and laws of the

United States.  Albright v. Oliver, 510 U.S. 266, 271 (1994); Graham v. Connor, 490

U.S. 386, 393-94 (1989).  Therefore, any analysis of the legal sufficiency of a cause

of action under § 1983 must begin with an assessment of the validity of the

underlying constitutional and statutory claims advanced by the plaintiff.

In this regard, it is also well-settled that:

Section 1983 provides a remedy for deprivations of federally protected
rights caused by persons acting under color of state law.  The two
essential elements of a § 1983 action are:  *(1) whether the conduct
complained of was committed by a person acting under color of state*

*law*; and (2) whether this conduct deprived a person of a federally protected right.  Parratt v. Taylor, 451 U.S. 527, 535 (1981).

Boykin v. Bloomsburg University of Pennsylvania, 893 F.Supp. 409, 416 (M.D.Pa. 1995), aff'd, 91 F3d 122 (3d Cir. 1996)(emphasis added).  Thus, it is essential to any civil rights claim brought under § 1983 that the plaintiff allege and prove that the defendant was acting under color of law when that defendant allegedly violated the plaintiff's rights.  Therefore, to the extent that the amended complaint seeks to hold a private party liable for alleged civil rights violations, it still fails to state a valid cause of action under 42 U.S.C. § 1983 since the statute typically requires a showing that the defendants are state actors.  Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

In closing, while Barzyk's personal circumstances continue to evoke great sympathy, we are confined by what the law permits when we assess the merits of her *pro se, in forma pauperis* complaint.  That assessment compels the conclusion that the amended complaint still fails to state a claim upon which relief may be granted. While we recognize that *pro se* plaintiffs should be afforded an opportunity to amend a complaint before the complaint is dismissed with prejudice, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), it is also clear that leave to amend can be denied when granting further leave to amend would be

futile, or result in undue delay.  Alston v. Parker, 363 F.3d  229, 235 (3d Cir. 2004).

In this case, the plaintiff has not alleged facts that would state a claim upon which

relief may be granted, despite having been afforded an opportunity to amend her

pleadings.  Therefore, allowing further leave to amend would be a futile gesture, and

this amended complaint should instead simply be dismissed.

## III.   Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the

plaintiff's amended complaint be dismissed.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within fourteen
(14) days after being served with a copy thereof.  Such party shall file
with the clerk of court, and serve on the magistrate judge and all parties,
written objections which shall specifically identify the portions of the
proposed findings, recommendations or report to which objection is
made and the basis for such objections.  The briefing requirements set
forth in Local Rule 72.2 shall apply.  A judge shall make a de novo
determination of those portions of the report or specified proposed
findings or recommendations to which objection is made and may
accept, reject, or modify, in whole or in part, the findings or
recommendations made by the magistrate judge.  The judge, however,
need conduct a new hearing only in his or her discretion or where
required by law, and may consider the record developed before the
magistrate judge, making his or her own determination on the basis of
that record.  The judge may also receive further evidence, recall

witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 3d day of December, 2014.

***S/Martin C.  Carlson***
Martin C. Carlson
United States Magistrate Judge
